**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MELVIN EARL WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-CV-212-GKF-TLW |
| ) | |
| HAKEEM MANSOURI; ) | |
| SGT. STRAIGHT; and ) | |
| STANLEY GLANZ, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This is a 42 U.S.C. § 1983 civil rights action filed by Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*. By Order filed June 10, 2008 (Dkt. # 9), the Court dismissed Defendant Straight from this action. On November 3, 2008, Plaintiff filed a second amended complaint (Dkt. # 24) naming one defendant, Stanley Glanz, and requesting $100,000.00 in punitive damages. By Order filed April 24, 2009 (Dkt. # 39), the Court determined that because the second amended complaint replaces and supersedes the previous amended complaint, Plaintiff had abandoned his claim against Defendant Mansouri. Fullerton v. Maynard, 943 F.2d 57, *2 (10th Cir. 1991) (unpublished) (stating general rule that an amended complaint "supersedes the complaint it modifies and renders the prior complaint of no legal effect"). Therefore, Defendant Mansouri was dismissed from this action.[1]

In the Order filed April 24, 2009 (Dkt. # 39), the Court directed Defendant Glanz to file a motion for summary judgment. The Court also directed Plaintiff to file a response to the motion for

---

[1] The Court also noted that Plaintiff failed to effect service of the amended complaint (Dkt. # 6) on Defendant Mansouri by the deadline established by previous Order, see Dkt. # 20, requiring dismissal of Defendant Mansouri from this action. Fed. R. Civ. P. 4(m).

summary judgment. Plaintiff was specifically advised that should he fail to file a response, "the Court will be authorized, in its discretion and upon notice to Plaintiff, to deem the matter confessed and enter the relief requested." See Dkt. # 39 (citing LCvR7.2(f)). On May 26, 2009, Defendant Glanz filed a motion for summary judgment (Dkt. # 42). Plaintiff's deadline for filing a response to the motion for summary judgment was Monday, June 15, 2009. That deadline passed and Plaintiff did not file a response. On July 9, 2009, the Court gave notice to Plaintiff that unless he filed a response to the motion for summary judgment within eleven (11) days, or by July 20, 2009, the Court would be authorized to deem the motion confessed and to enter the relief requested. See Dkt. # 43. The deadline established by the Court has passed and Plaintiff has failed to file a response to the motion for summary judgment.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). "Summary judgment will not lie if the dispute about a material

fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Durham v. Xerox Corp., 18 F.3d 836, 838-39 (10th Cir. 1994).

Even though Plaintiff has failed to respond, the Court must examine the record to determine if summary judgment is appropriate. Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002) ("a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party"). However, due to Plaintiff's failure to respond, the material facts in Defendant's motion for summary judgment are deemed admitted. See LCvR 56.1(c) ("All material facts set forth in the statement of the material facts of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party."). The undisputed material facts in the summary judgment record prove that there is no genuine issue of material fact for trial as to Plaintiff's claims arising from the conditions of his confinement at the Tulsa County Jail. The uncontroverted material facts demonstrate that Plaintiff has failed to make a showing sufficient to establish that he exhausted administrative remedies before filing his civil rights complaint, Woodford v. Ngo, 548 U.S. 81 (2006); that Defendant Glanz acted with deliberate indifference in training Officer Mansouri, City of Canton v. Harris, 489 U.S. 378, 390 (1989); or that Defendant Glanz participated in the acts giving rise to the constitutional claims asserted in the second amended complaint, Foote v. Spiegel, 118 F.3d 1416, 1423-24 (10th Cir. 1997). Furthermore, the uncontroverted material facts demonstrate that Plaintiff is not entitled to the only relief sought from Defendant Glanz, punitive damages. See Searles v. Van Bebber, 251 F.3d 869, 879 (10th Cir. 2001). Therefore, as Plaintiff has failed to respond to Defendant's motion for summary judgment and, pursuant to local rule, has

admitted the material facts in Defendant's motion for summary judgment, Defendant Glanz has carried his burden and he is entitled to summary judgment.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendant's motion for summary judgment (Dkt. # 42) is **granted**.
2. This is a final Order terminating this action.
3. A separate judgment in favor of Defendants shall be entered in this matter.

DATED THIS 31st day of July, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma